JAMESTOWN METAL DESK COMPANY v. LOUIS FLEISHER COMPANY AND ANOTHER.[1]

December 24, 1925.

No. 24,981.

**Pleading counterclaim.**
Facts alleged in answers insufficient to constitute a counterclaim. [Reporter.]

Sales, 35 Cyc. p. 558.

Action in the district court for Hennepin county upon a contractor's bond. The case was tried before Salmon, J., who directed a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*David London,* for appellants.
*James C. Melville,* for respondent.

[1]Reported in 206 N. W. 445.

PER CURIAM.

In June, 1923, defendant Louis Fleisher Company entered into a contract with the state of Minnesota to construct the Dairy Husbandry Building at the University Farm School, and gave a bond as required by statute with defendant casualty company as surety to secure the performance of the contract and the payment of all claims for labor and material furnished for the building. This action is to recover for a quantity of material furnished by plaintiff. At the trial the amount due plaintiff for this material was admitted. Defendant Fleisher Company had interposed a counterclaim for damages for delay in furnishing this material. Defendant casualty company had interposed the same counterclaim as an offset to plaintiff's claim. Plaintiff objected to the introduction of any evidence to prove the counterclaim, on the ground that the facts alleged did not constitute a cause of action. The court sustained the motion and directed a verdict for plaintiff. The defendants appealed from an order denying a new trial.

We agree with the trial court that the counterclaim fails to state any ground for a recovery against plaintiff. It states that plaintiff contracted with defendant Fleisher Company to furnish the metal doors and other metal parts required for the building and "that said materials were to be furnished to complete said building as per the plans, details, specifications and schedules under which this answering defendant was to erect said building, and a copy of which plans and specifications were furnished to the plaintiff."

This is all that is stated to show the provisions of the contract with plaintiff. What was contained in the plans and specifications referred to is not disclosed. The default claimed is set forth as follows:

"That the plaintiff herein failed to furnish said materials aforementioned as required under said contract and as requested by this answering defendant and delayed the delivery thereof for a long period of time, and failed to furnish said materials in consecutive order for erection as requested by this defendant, all of which delayed the construction of said building for a great period of time."

There is no averment that plaintiff agreed to furnish these materials within any given time or in any given order, or knew when they would be needed or undertook to furnish them as needed; no averment that they could not be obtained in the open market. When they were in fact furnished is not stated. The provisions or requirements of the contract for the construction of the buildings are not disclosed. Neither is it stated that plaintiff had any knowledge of these requirements, whatever

they were. We find nothing which can be taken as showing any breach of its contract by plaintiff.

Order affirmed.